UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA BURKE and INGRID FUCELLA,

    Plaintiffs,

v.                        Case No: 2:14-cv-281-FtM-29DNF

CHRISTOPHER CONSTANCE, M.D.,
a Florida corporation and
CHRISTOPHER CONSTANCE,
individually,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Unopposed Motion for Reconsideration (Doc. #18) filed on July 30, 2014. Plaintiffs seek reconsideration, without opposition, of the Court's July 16, 2014 Order (Doc #17) taking plaintiffs' unilaterally filed Notice of Voluntary Dismissal With Prejudice (Doc. #16) under advisement pending submission of the specifics of any settlement reached before the case could be dismissed. Plaintiffs argue that once a voluntary dismissal is sought under Fed. R. Civ. P. 41, the Court no longer has jurisdiction because the dismissal is self-executing under Anago[1]. Plaintiffs cite

---

[1] Anago Franchising, Inc. v. Shaz LLC, 677 F.3d 1272 (11th Cir. 2012).

various post-Anago district court cases in the Middle District of Florida to support this position.

The Court previously addressed these same arguments, presented by the same firm, and under the same circumstances, and found as follows:

> While plaintiff argues to the contrary, her case cannot be settled without review of a proposed settlement agreement by the Court. Nall v. Mal-Motels, Inc., [723 F.3d 1304] (11th Cir. July 29, 2013); Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). If plaintiff's Notice of Dismissal With Prejudice is the product of a settlement, the Court must be notified and must review the terms of the proposed settlement. If not, and plaintiff has just decided to dismiss her case without consideration from defendants, plaintiff can simply tell the Court that no settlement is involved. The Federal Rules of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement.
>
> Plaintiff's reliance on Anago Franchising, Inc. v. Shaz LLC, 677 F.3d 1272 (11th Cir. 2012) is misplaced. First, Anago Franchising, did not involve the FLSA, with its statutory mandate of judicial review and approval. Second, Anago Franchising involved an unconditional stipulation, not a unilateral dismissal. Plaintiff cites no case where the Eleventh Circuit has extended Anago Franchising to trump a court's statutory obligation to review a settlement. Therefore, if plaintiff advises the Court that her unilateral dismissal is not pursuant to a settlement, her voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) will be deemed effective upon filing. Otherwise, the Court must fulfill its obligations under Lynn's Food Stores.

Santos v. Gomez, LLC, 2:13-CV-271-FTM-29, 2013 WL 4523492, *1 (M.D. Fla. Aug. 26, 2013). The Court finds no recent binding precedent cited to support reconsideration.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Unopposed Motion for Reconsideration (Doc. #18) is **DENIED** and plaintiffs shall comply with the Court's July 16, 2014, Order (Doc. #17) within **SEVEN (7) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record